[No. 27377. Department Two. May 25, 1939.]

R. B. HASSELL, *Respondent*, v. JOHN L. BLACKEN, *Appellant*.[1]

[1]Reported in 90 P. (2d) 1013.

*Coleman & Coleman* and *H. D. Cooley,* for appellant.

*Wm. A. Johnson* and *Newton & Newton,* for respondent.

GERAGHTY, J.—The controversy in this case arose out of the following transactions:

In August, 1921, C. P. Spriesterbach and wife borrowed twelve hundred dollars from the plaintiff, R. B. Hassell, and secured payment of the loan by a mortgage upon a house and lot owned by them in the city of Everett. Thereafter, March 4, 1922, Spriesterbach and wife contracted to sell the mortgaged property to one Kramer. A down payment was made, and the balance of the purchase price was payable at the rate of twenty-five dollars or more a month, with interest on deferred payments at eight per cent per annum. The contract recited:

"It is understood that there is a $1200 mortgage on the above described premises which the seller agrees to pay before this contract is reduced to that amount."

Kramer and wife assigned the contract to one Drange, and, shortly thereafter, Drange assigned it to

the defendant, John L. Blacken. These several assignments were endorsed upon the original contract. Blacken executed a written acceptance of the assignment and an agreement to assume all of the terms and conditions of the contract as fully in every respect "as if the said assignee had originally signed as purchaser."

September 16, 1925, Blacken entered into a contract with Hans Anderson, by the terms of which he agreed to sell the property for $2,650; the balance of the purchase price, after a down payment of two hundred dollars, was to be payable, with interest, at the rate of twenty-five dollars or more a month. Blacken's contract with Anderson made no reference to the Spriesterbach contract.

While Anderson made his monthly payments regularly to Blacken for a period of two years or more, Blacken defaulted in his payments to Spriesterbach and paid nothing on Hassell's mortgage. The mortgage being in default, Hassell instituted a foreclosure proceeding, naming the Spriesterbachs, Blacken, and Anderson and wife as defendants. The action was abandoned pursuant to the terms of an agreement executed by all of the parties August 14, 1928. This agreement (in which Hassell is designated first party, the Spriesterbachs as second parties, Blacken as third party, and Anderson and wife as fourth parties) refers to the mortgage and the contracts of March 4, 1922, and September 16, 1925, states the amounts due on the mortgage and contracts, and continues:

"Now Therefore in consideration of the mutual covenants herein contained it is agreed as follows:

"That the second party shall convey the above described property to the first party subject to the mortgage aforesaid and the two contracts herein described; that the third party consents that all payments due under the contract of September 16, 1925, shall

be made to the first party and the fourth parties agree to make such payments on the first day of each month in a timely manner until said sum of $2159.57 together with interest thereon from date at 8% per annum has been paid in full, at which time, the first party, his successors or assigns shall convey the above described premises to fourth parties.

"That the first party upon receiving conveyance of title from second parties shall release the mortgage aforementioned and shall receive $73.80 in addition to the amount due thereon to cover costs, expenses and attorneys' fees incurred in commencing the foreclosure of said mortgage making a total of $1318.88, which shall be received by first party with interest thereon from date at 8% per annum; that at such time as the first party shall have received the said sum of $1318.88 with interest as stated he shall thereupon pay to the second parties payments as received less reasonable expense of collection until second parties have received the sum of $220.82 with interest from date hereof at 8% per annum. At such time when second parties have been paid in full the first party shall convey the premises to the third party or his successors or assigns subject to the contract of September 16, 1925, aforementioned.

"That if the fourth parties become in default under the terms of the contract of September 16, 1925, which contract is attached to first party's copy of this agreement and made a part hereof, then the first party shall have the right at his option to serve notice of forfeiture of said contract and the rights of the fourth parties to said property shall cease and determine as provided in said original contract of September 16, 1925.

"In the event of such forfeiture of the contract interest of the fourth parties then and in that event the third party shall succeed to the position occupied by the said fourth parties and he shall make the payments and otherwise strictly comply with the terms of said contract.

"If the third party becomes in default under the terms of the contract of September 16th, 1925, then the first party shall have the right at his option to serve

notice of forfeiture of said contract and the rights of the third parties to said property shall cease and determine as provided in said original contract of September 16, 1925.

"In the event that fourth parties and third party forfeit all their interest as herein provided, then the second parties shall have thirty days within which to pay the first party the amount then due to him hereunder, which shall also include any legal or other expense incurred by first party after the execution of this agreement and upon making such payment second parties shall be entitled to a deed. In the event second parties does not make such payment then the second parties shall forfeit all interest hereunder.

"That it is agreed that the two contracts aforementioned and this agreement shall be held in escrow by the Everett Trust & Savings Bank and that amounts herein provided to be paid to the first party shall be collected by said bank and paid over as herein provided and that the charge of the bank for collection shall be deducted from the collections as received prior to crediting the net collection upon the amount due to the first party."

Pursuant to this agreement, Spriesterbach and wife conveyed the property to Hassell August 20, 1928; later on, the Spriesterbachs, for a consideration, assigned to Hassell all their rights under the agreement.

Anderson made his payments regularly, through the Everett Trust and Savings Bank, to the end of September, 1930. Between that date and September 12, 1931, Anderson made irregular payments of small amounts. Between the latter date and December 2, 1933, he made no payment, although he continued to occupy the premises. Hassell testified that he permitted Anderson to remain in the house because of the hard times. Beginning with the month of December, 1933, Anderson paid ten dollars a month as rent.

August 31, 1937, Hassell served written notice on

Blacken, informing him of Anderson's default, tendering a warranty deed conveying the property on payment of the amount of the mortgage indebtedness, and notifying him that, if the amount due was not paid within fifteen days after receipt of the notice, his rights in the property would be forfeited. It appears that, prior to the giving of this notice, Hassell had entered into negotiations for the sale of the property and was advised that Blacken's rights could not be forfeited without notice. On receipt of the notice, Blacken demanded an itemized statement of the amounts received by Hassell from all sources and applied on the mortgage indebtedness, which was given. Blacken making no further response to Hassell's demand, the present suit was instituted by Hassell December 6, 1937.

Under the original complaint, the action was one to quiet title. Issue was joined by the defendant's answer, and the cause was tried to the court. At the close of the evidence, the court announced the conclusion that the Spriesterbach deed to Hassell was for additional security for payment of the loan; that the action was one for foreclosure of mortgage; and that the plaintiff would be allowed to amend his complaint in conformity with the court's suggestion. Upon issues formed by amended pleadings, the court, after hearing additional evidence, announced its conclusion that the mortgage should be foreclosed. The decree recited:

"That one C. P. Spreisterbach made, executed and delivered to the said plaintiff on or about August 26, 1921, a promissory note and mortgage securing the same, the said note being in the principal sum of twelve hundred dollars and bearing interest at 8 per cent per annum, and the mortgage securing the same covering Lot 7 and the West half of lot 8 of Block 1 of Ready Land Company's First Addition to Everett:

"That thereafter the defendant Blacken became a contract purchaser of said property, subject to said

mortgage, and on or about August 14, 1928, the plaintiff and defendant, with the said Spreisterbach and one Hans Anderson, who had contracted to purchase the same from defendant, entered into an agreement with relation to said property, and the encumbrances thereon and rights therein, by which the plaintiff became vested with title thereto, which said agreement continued the lien of the mortgage, and the said plaintiff was a mortgagee;

"That about October 12, 1931, the said parties allowed the payments accruing under said contract to become in default, and the said plaintiff became a mortgagee in possession of said property, and has ever since remained in possession by himself or his tenants;

"That a fair and reasonable rental for said premises during the period from said October 12, 1931, to date hereof is the sum of ten dollars per month, and the said plaintiff should be chargeable therewith, with the said payments applied upon the amount due on said mortgage agreement as of the date when they should have been made;

"That upon the basis of said payments there is due upon said mortgage a net sum of Nine Hundred hundred and three dollars and seven cents, . . ."

The defendant appeals.

■ The appellant first contends that the judgment should be reversed because the evidence failed to show that he was in default when the action was brought.

The agreement of August 14, 1928, provided:

"In the event of such forfeiture of the contract interest of the fourth parties [Andersons] then and in that event the third party [appellant] shall succeed to the position occupied by said fourth parties and he shall make the payments and otherwise strictly comply with the terms of said contract."

The position of the appellant seems to be that his only obligation on default was to continue the payment of twenty-five dollars a month. But the agree-

ment provided that appellant was to succeed to Anderson's position and make the payments and otherwise strictly comply with the contract.

The decree recites that, about October 12, 1931, the respondent became a mortgagee in possession. As Anderson abandoned the contract on this date, there was, of course, no necessity for the service of a formal notice of forfeiture on him. The appellant contends that the respondent should have immediately notified him of Anderson's default.

As we have seen, the only formal written notice found in the record was served on appellant in August, 1937. The respondent, eighty-five years of age at the time of the trial, testified that he had an impression that he had given appellant notice at an earlier date. The court could well have found from the appellant's own testimony that he was fully informed of the condition of the loan and of Anderson's default. He seems not to have given much concern to the matter, although he had, in accepting an assignment of the contract of March 4, 1922, assumed payment of the mortgage.

The court allowed as an offset against the amount found due the respondent, the rental value of the property, at the rate of ten dollars a month from October 12, 1931, the date on which he became a tenant in possession, to the time of trial. The appellant argues that the respondent should have been charged with rental from September, 1930, when Anderson ceased to make payments upon the contract. This contention is based upon the supposed duty resting upon the respondent to collect from Anderson.

By the terms of the agreement of August, 1928, signed by all of the parties concerned, collection was to be made by the Everett Trust and Savings Bank and paid over by it to the respondent. The contract did

not, in terms, impose any express duty on the respondent to make collection. We think the court correctly refused to penalize the respondent for Anderson's default.

Finally, the appellant objects to the inclusion in the judgment of the sum owing to Spriesterbach by the appellant upon the original contract of purchase.

Subsequent to the conveyance of title to the respondent, which the court found to be but additional security for the loan, the respondent satisfied the amount due Spriesterbach on the contract of purchase and took an assignment of his interest. Under the agreement of August 14, 1928, the money to be paid by Anderson or, on his default, by appellant was to be applied, first, to the payment of respondent's mortgage, and, secondly, to the liquidation of the balance due to Spriesterbach. As the latter's assignee, the respondent was entitled to collect the amount due on the purchase price from appellant. While the amount due on the appellant's contract was not, in a strict sense, part of the mortgage debt, yet, since all parties concerned were before the court, it was proper for it to adjudicate all of their claims upon the property to avoid a circuity of action. Appellant's contention amounts to simply this, that the respondent should have been limited to a recovery of the amount due on his mortgage and remitted to a second action, as Spriesterbach's assignee, for recovery of the balance due on the purchase price.

We are convinced by our examination of the record that the court made a proper disposition of the case. In requiring that the pleadings be reformed to make the action one for foreclosure rather than one to quiet title, the court preserved to the appellant his equity of redemption. Having accorded him this equitable right, the court imposed upon him the obligation

to pay respondent the sum justly due as a prerequisite to redemption.

The judgment is affirmed.

BLAKE, C. J., SIMPSON, and BEALS, JJ., concur.

[1]Reported in 90 P. (2d) 1011.